Vreeland *v.* Van Horn.

---

## STEPHEN VREELAND *vs.* MINDERT VAN HORN.

1. No assignment in writing is necessary to transfer the title to securities delivered under the provisions of a trust deed.    A valid title passes by delivery.

2. Securities delivered under the provisions of a trust deed, will not be decreed to be re-delivered at the mere will of the grantor.

3. It does not lie in the mouth of a *cestui que trust*, while competent to judge of his own interest, to complain of acts as breaches of trust, which were occasioned by his own neglect or misrepresentations.

*Mr. Winfield,* for complainant.

*Mr. Bentley,* for defendant.

THE CHANCELLOR.    The controversy in this cause relates to the legal effect and operation of a deed of trust, executed by the complainant to the defendant on the 25th of June, 1858, and to the due execution of the trusts by the grantee in the said deed.

The recital and specification of the trusts of said deed are, in substance, as follows:

" Whereas, the grantor is desirous of being relieved from the care, trouble, and management of his estate, real and *personal,* and desires to place the same in the hands of the grantee, for the following purposes, viz.

" 1. To pay over to the grantor, in quarter yearly payments, all the income that may arise from the rents and profits of the real estate, after discharging all the expenses incident to the management thereof, and all taxes, repairs, and improvements to be made thereon.

M *

"2. Upon the decease of the grantor, to convey the said real estate to his children and heirs, agreeably to the will and codicils of the grantor, then made and in force, and in the hands of P. B., and which, it is thereby agreed, shall remain in his hands.

" 3. The grantee to take from the income of the said real estate, and the income of the grantor's *personal* estate, so much money as shall be necessary for the proper support of the grantor's wife, Hannah, as might be fixed by the Chancellor, or by agreement between the grantor and his wife, and to dispose of the *personal* estate, after deducting a reasonable compensation for executing the trust, as the same is disposed of by the will and codicils of the grantor, theretofore duly made."

The grantor conveys by the said deed to the grantee, in fee, several tracts and parcels of real estate, the grantee covenanting that he will faithfully execute the trusts aforesaid, and at the death of the grantor, will convey the real estate, and dispose of the *personal* estate, in the manner directed by the grantor in and by his said last will and the codicils thereto.

The bill alleges that the complainant never conveyed or delivered to the defendant any of his personal property in trust, but that soon after the execution of the deed he gave to the defendant, for the purpose of collection, certain bonds, mortgages, and other evidences of debt, which the defendant claims to hold as trustee for the complainant by virtue of the said deed, and asks that the defendant be decreed to deliver and pay over to the complainant all the personal property in his hands, and which he claims to hold in trust. The defendant, by his answer, denies that he has any of the personal property of the complainant, except such as he received under the said deed of trust. The deed makes no transfer whatever of personal property, although it is manifest that it was the design of the parties that it should do so. The deed recites that the grantor was desirous of being relieved from the care, trouble, and management of his estate, real

and *personal,* and to place the same in the hands of the grantee, upon the trusts, among others, that the grantee should take from the income of the real and *personal* estate, so much as might be necessary for the proper support of the grantor's wife, and should dispose of the *personal* estate, after deducting a reasonable compensation for executing the trust, according to the will of the grantor. And the grantee covenants that he will faithfully execute the said trusts, and at the death of the grantor, will dispose of the *personal* estate in the manner directed by his will. It is obvious, therefore, that the parties intended and understood that personal property would pass under the terms and operation of that deed, though none is, in fact, assigned by it.

The grantee testifies, that on the day of the execution of the trust deed, he received by delivery the bonds, mortgages, and securities which were designed to be conveyed to him in trust, with the exception of one mortgage, which was not then at hand; that he has ever since had the control of the said securities, has collected the interest upon them, including the mortgage not delivered, and paid the proceeds to the complainant, under and in pursuance of the trust created by said deed. That the grantee then received these securities from the grantor is not denied, nor is it denied that the grantee has since collected the interest upon them and paid it over to the complainant. The grantor, himself, has given no information upon this point. The receipts given by him for the interest upon these securities, are in repeated instances given to Van Horn as trustee, and in the same terms as receipts for the rent of real estate are given. It is obvious that the rents of the real estate and the interest of the personal securities were collected and accounted for by Van Horn in the same character, viz. as trustee under the provisions of the trust deed. It is not suggested that any other securities or property were referred to in the various clauses of the trust deed which relate to personal property.

The securities having been delivered under the provisions of the trust deed, a valid title to them passed by delivery. No

assignment in writing was necessary to transfer the title. *Hutchings* v. *Low*, 1 *Green's R.* 246; *Allen* v. *Pancoast*, *Spencer* 68; *Morris Canal and Banking Co.* v. *Fisher*, 1 *Stockt.* 696. The trustee has the legal right to the securities thus transferred, and authority to invest and manage the funds under the provisions of the trust deed for the purposes specified in the trust.

The charges of unfaithfulness against the trustee are unsupported by the evidence. The report of the master shows that the trustee has fully accounted for all the funds which have come to his hands. The report has not been excepted to, and it is fully supported by the evidence. I do not understand the complainant himself in his evidence, as affirming that the trustee has withheld from him one dollar of the income, either of the real or personal estate. The defendant testifies that the entire income of the property has been accounted for and paid over to the complainant without any deduction for commissions as trustee.

The alleged errors and mismanagement in the execution of the trust appear to have been either the result of honest mistake, or to have been occasioned by the acts of the complainant himself. The investment of a portion of the trust funds by the trustee in his individual name, was indiscreet and injudicious. But there is no pretence that it was the result of any dishonest purpose. The interest was regularly accounted for, and as soon as the mistake was pointed out, the error was corrected and a written declaration of trust furnished to the complainant. There seems no reason to doubt that the fact is as stated by the trustee, that the error was occasioned by the inadvertence of the trustee in not stating to the attorney by whom the investment was made, that the money was a part of the trust funds.

A more serious ground of complaint is that the trustee suffered the taxes and water rents assessed upon the real estate to remain unpaid until the property was sold for the taxes and rents, and the trust fund thereby subjected to unnecessary charges and burdens. This unexplained, is such

mismanagement on the part of the trustee, as should subject him to the payment of the entire extra charge thus unnecessarily imposed upon the trust fund. But it is clearly shown that the difficulty was occasioned by the acts and representations of the complainant himself. The income of the trust fund was paid over to the complainant, or was permitted by the trustee to be received by him, upon his solicitation, and upon the assurance that the taxes and water rents had been paid or would be paid by himself. It does not lie in the mouth of the *cestui que trust*, while competent to judge of his own interest, to complain of acts as breaches of trust, which were occasioned by his own neglect or misrepsentations.

The errors of the trustee in not keeping regular accounts, and in not taking from the *cestui que trust* more specific receipts, admit of the same explanation. It appears from the evidence that the complainant himself insisted upon collecting the rents of his real estate, and in many instances received them in small payments before they were due, and either omitted or refused to give to the trustee satisfactory accounts or specific receipts for the moneys thus received. If the *cestui que trust* were an infant or otherwise incapacitated to judge of his interests, these omissions of the trustee would be open to grave observation. But under the peculiar character of this trust, they are readily susceptible of explanation, consistent with good faith and an honest discharge of duty on the part of the trustee. Looking to the origin and character of the trust, the standing and previous relation of the parties, and the subsequent management of the fund, the errors of the trustee are fairly attributable to a disposition to gratify the wishes and feelings of the complainant, rather than to any disposition to defraud or wrong him. There is nothing in the evidence that can justify a charge against the trustee of fraud or abuse of trust, or afford any ground for his removal from office.

Another ground of relief disclosed by the bill is, that the net income of the trust estate is insufficient for the support

and maintenance of the complainant and his family, and the court is asked to decree that the trustee shall sell and dispose of such portion of the trust property as is least productive, and pay over the proceeds thereof to the support and maintenance of the complainant. The evidence does not prove that the income of the estate is insufficient for the support of the complainant and his family. But if that fact were clearly established, the proposed sale of the real estate is not in accordance with the provisions of the trust deed. The trust declared is that the complainant shall receive the net income of the real estate during his life, and that upon his decease, the re il estate shall be conveyed to the children and heirs of the complainant, agreeably to his will and codicils then existing and in force.

Whether the court would undertake, under any circumstances, to control the trusts upon which the land was conveyed, and direct a different disposition of the estate, it is unnecessary now to inquire. It is clear that there is nothing in the case now before the court, either upon the allegations of the bill or upon the proofs, to warrant such interference with the trusts declared by the complainant.

The report of the master and the account as stated by him, must be confirmed. All the relief prayed for by the bill, excepting so far as relates to the account, is denied.